UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:12-cr-79-KKC-EBA-8

UNITED STATES OF AMERICA,                                                              PLAINTIFF,

v.                                **MAGISTRATE JUDGE'S
                          REPORT AND RECOMMENDATION**

BOBBY DOUGLAS FAULKNER,                                                            DEFENDANT.

\* \* \* \* \* \* \*

INTRODUCTION

On March 28, 2013, Defendant Bobby Douglas Faulkner pled guilty to conspiracy to distribute twenty-eight (28) grams or more of crack cocaine in violation of 21 U.S.C. § 846, and to being a convicted felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). [R. 545]. Defendant was sentenced to one hundred (100) months imprisonment. [R. 21]. Defendant filed a notice of appeal on September 16, 2013. The government moved to dismiss the appeal as late, and this motion was granted by the Sixth Circuit Court of Appeals. [R. 1059]. Defendant did not seek a writ of certiorari from the U.S. Supreme Court.

On May 17, 2016, Defendant filed the present *pro se* Motion to Vacate, Set Aside, or Correct his sentence under 28 U.S.C. § 2255. [R. 1188]. Defendant's § 2255 petition asserts a single ineffective assistance claim, alleging that his "counsel of record objected to the enhancement that was given to the petitioner, then at [his] sentencing withdrew the objection all together." [Id. at 2]. As a result of this withdrawn objection, Defendant alleges he suffered ineffective assistance of counsel in violation of his Sixth Amendment rights, and was prejudiced as a result. [Id. at 2–3].

1

Consistent with local practice, this matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [R. 1189]. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court must initially examine the § 2255 motion and any attached exhibits and the record, and "[i]f it plainly appears . . . that the party is not entitled to relief," the Court must dismiss the motion. Id. Having found that Defendant's single ineffective assistance claim is without merit, the undersigned recommends that Defendant Bobby Douglas Faulkner's § 2255 petition be DENIED.

## STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights . . . ."). To be entitled to habeas relief under his 28 U.S.C. § 2255 claims, Defendant must generally show that, *inter alia*, "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). More specifically, for his § 2255 motion to prevail, Defendant must show that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. Mallett v. United States, 334 F.3d 491, 496–97 (6th Cir. 2003), cert. denied, 540 U.S. 1133 (2004).

If the petitioner alleges a constitutional error, he must establish by a preponderance of the evidence, Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006), that the error "had a substantial and injurious effect or influence on the proceedings." Watson, 165 F.3d at 488

(citing Brecht v. Abrahamson, 507 U.S. 619, 637–38 (1993)). If the movant alleges a non-constitutional error, he "must establish a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Id. (internal quotation marks omitted).

To succeed on an ineffective assistance claim, a petitioner must prove both deficient performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1994). First, to prove deficient performance, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Id. at 687–88. In applying this test, reviewing courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance . . . ." Id. Second, Petitioner must establish prejudice by showing there is a reasonable probability that, but for counsel's unprofessional errors, the result of his proceeding would have been different. Id. at 694–95. Significantly, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance/prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) (quoting Strickland, 466 U.S. at 697).

Where Defendant is proceeding *pro se*, his motions are held to a less stringent standard than those drafted by legal counsel. See, e.g., Cruz v. Beto, 405 U.S. 319 (1972). Defendant's *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "leniency standard" has still required basic pleading standards, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and "[l]iberal construction does not require a court to conjure allegations on

3

a litigant's behalf." Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004), citing Erwin v. Edwards, 22 Fed. Appx. 579, 580 (6th Cir. 2001) (dismissed § 1983 suit brought as a § 2254 petition). No evidentiary hearing is required if the record "conclusively shows" that the defendant's allegations "cannot be accepted as true because they are contradicted by the record." Pola v. United States, 778 F.3d 525, 532–33 (6th Cir. 2015); Arrendondo v. United States, 178 F. 3d 778, 782 (6th Cir. 1999).

## ANALYSIS

Upon review of the record, Defendant is plainly not entitled to relief and his § 2255 motion to vacate should be denied. Defendant's motion is founded upon a single allegation: "counsel of record objected to the enhancement that was given to the petitioner, then at [his] sentencing withdrew the objection all together." [R. 1188 at 2]. Defendant alleges ineffective assistance of counsel as a result.

Based upon this generally bare allegation, the undersigned has liberally construed Defendant's *pro se* § 2255 petition to allege that defense counsel was ineffective for retracting a previously-raised objection to a two level increase imposed in calculating Defendant's sentence under the Guidelines due to a dangerous weapon being involved in the underlying offense, pursuant to U.S.S.G. § 2D1.1(b)(1). However, as reflected by the record, this objection was withdrawn due to the fact that the sealed Presentence Report [R. 792] adopted and incorporated Defendant's objection, and removed the two level increase from the calculation. As the Addendum to his Presentence Report explicitly states:

> The defendant objected to the two level increases (sic) for a dangerous weapon being involved in the offense, pursuant to U.S.S.G. § 2D1.1(b)(1). The objection was due to the drug transaction and the gun sale occurring on two separate and distinct occasions. The defendant believes that a more accurate representation of

4

>the guideline calculations would be to not group the counts of conviction and determine a combined offense level.
>
>In addition, the defendant offered to clarifications (sic) that were adopted by the probation office.

[R. 792 at 20]. As the Addendum illustrates, Defendant's objection was "adopted by the probation office," and the guideline range was modified to remove the two level increase under § 2D1.1(b)(1). This fact is underscored by the final offense level computation in Defendant's Presentence Report, which clearly does not add two levels to his total offense level under § 2D1.1(b)(1).

Furthermore, the transcript of Defendant's sentencing hearing before Chief District Judge Caldwell also indicates that defense counsel retracted the objection where the issue had been resolved, once the objection was incorporated into the final Presentence Report:

>THE COURT: All right. Now, I had an objection to the two-level increase of 2D1.1(b)(1). Have you withdrawn that, or is that resolved?
>
>MS. MERRITT: That was resolved in the final presentence -- in the final presentence report, it's resolved.
>
>THE COURT: Okay. All right. Therefore, the Court then will adopt the factual findings and the advisory guideline applications that are set forth in the presentence report.

[R. 883 at 3]. The Court went on to determine that the appropriate advisory guideline range for Defendant as it pertained to the counts of conviction was 100 to 125 months, based on a total offense level of 25 and a criminal history category of 5. [Id.].

Based upon the record, Defendant did not ultimately receive a two level increase under 2D1.1(b)(1) due to guns being involved in the drug conspiracy, as the Presentence Report was revised to remove the increase after defense counsel's objection. Having determined that his

5

single ineffective assistance of counsel claim is moot, where the objection was retracted once resolved in his favor, Defendant Bobby Douglas Faulkner's 28 U.S.C. § 2255 petition should be denied.

RECOMMENDATION

Having considered the matter fully, the undersigned RECOMMENDS that the District Court DENY Defendant's motion for 28 U.S.C. § 2255 relief.  [R. 1188]

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Thomas v. Arn, 728 F.2d 813, 815 (6th Cir. 1984).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004).  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981).

Signed June 7, 2016.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge